UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DBCN,

                Plaintiff,

      - against -

ENERSUR S.A.,

                Defendant.
----------------------------------------------------------X

09 CV _____
ECF CASE

## VERIFIED COMPLAINT

Plaintiff, DBCN ("Plaintiff" or "DBCN"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, ENERSUR S.A. ("Defendant" or "Enersur") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all material times to this action, Plaintiff was a foreign company duly organized and operating under foreign law with an office and place of business in Monaco and was the disponent owner of the M/V GENCO CARRIER ("Vessel").

3. Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Lima, Peru, and was the Charterer of the Vessel.

4. Pursuant to a charter party dated December 7, 2004, DBCN chartered the Vessel from non-party head owners Genco Carrier Limited for a period of minimum 24, maximum 26 months (the "Head Charter Party").

5. Pursuant to a contract of affreightment dated March 2, 2006 based on a fixture recap with other terms and conditions as per "Charter Party CMC 20 Aug with below alterations", Plaintiff chartered the Vessel to Defendant for the lifting of three or four cargos on a voyage charter basis (the "Charter Party").

6. Pursuant to the Charter Party, the Defendant required that a cargo of coal be discharged at the Enersur berth (which Enersur operate) at Ilo.

7. On or about March 12, 2007 at 11:00 hours, the Vessel arrived at Ilo and berthed at 18.07 hours local time that day commencing discharge at 22:30 hours.

8. On or about March 13, 2007 at 10:30 hours, the Vessel made contact with the berth during heavy swell conditions and apparently suffered damage to her topside tank number 2 and hatch number 2 on her port side.

9. On or about March 14, 2007 and as a result of the contact with the berth and resulting damage, the Port Authority stopped operations and the Vessel went to the anchorage.

10. On or about March 15, 2007, the Vessel was ordered back to the berth as the swell had reduced.

11. On or about March 16, 2007, the Vessel again made heavy contact with the berth during shifting causing further damage to the Vessel on her port side between frames 156.5 and 158.5.

12. DBCN have received a claim for damages from their head owners in respect of the damage suffered by the Vessel at Ilo. Head owners have commenced arbitration proceedings against the Plaintiff pursuant to the head charter party alleging that the berth at Ilo was unsafe and that by ordering the Vessel to discharge at the Enersur berth at Ilo, DBCN were in breach of a warranty of safety.

13. On or about June 5, 2008, Plaintiff posted a P&I Club Letter of Undertaking ("LOU") in the amount of $1,050,000 as security for head owner's claim under the Head Charter Party. The LOU is inclusive of the interest and costs of Head owners' claim but exclusive of interest, costs and attorneys' fees in Plaintiff's claim against the Defendant. *See Letter of Undertaking attached as Exhibit "1."*

14. The fixture recap states that "Discharge: 1 SB [safe berth] Ilo where charterers are to discharge at min 10,000mt per WWDSHINC [weather working day Sundays and holidays included]. Further, the pro-forma Charter Party incorporated into the fixture recap states "....Three (3) cargoes, each 45,000 MT 10% more or less in owners option harmless/lawful coal in bulk ... with all possible dispatch, to one safe berth Ilo or so near thereunto as she can safely get and there deliver her cargo at one safe berth as ordered, where she can safely deliver, always afloat, on being paid freight at the rate of ... ."

15. The decision to berth at the Enersur berth was Defendant's decision under the Charter Party and it was the Defendant who directed that the Vessel proceed to the Enersur berth at Ilo.

16. As such, Defendant was in breach of the Charter Party by ordering the Vessel to discharge at the Enersur berth at Ilo.

17. Therefore, pursuant to the terms of the Charter Party, the Plaintiff has a claim against the Defendant for indemnity for head owner's claims equal to the amount of payment it has provided.

18. The Plaintiff has demanded indemnity from the Defendant for the head owner's claim as per the charter party contract.

19. Despite this, the Defendant has failed to provide indemnity and as a result, is now in breach of the Charter Party contract.

20. By virtue of the Defendant's breach of the Charter Party, Plaintiff has suffered damages in the amount of $1,050,000 exclusive of interest, arbitrators fees and other costs.

21. The charter party provides for any disputes arising thereunder to be referred to London Arbitration with English law to apply.

22. Plaintiff has commenced arbitration pursuant to the terms of the charter party and arbitration proceedings are under way.

23. It is common the practice of foreign entities who engage in international maritime transactions to make and receive payments in U.S. dollar denominated electronic fund transfers.

24. The Charter Party in this case requires payment in U.S. dollars.

25. Due to the requirement that foreign banking institutions have relations with U.S. corresponding banks in order to send or receive payment in U.S. dollars, all such transfers and payments pass through the hands of garnishee banks located in this District.

26. Thus, it is anticipated and expected that U.S. dollar payments made by the Defendant herein are expected to be made by electronic fund transfer passing through corresponding banks within this District.

27. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London Arbitration pursuant to English law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

    A.    Total Principal Claim:    **$1,050,000.00**

    B.    Estimated interest on claims:    $168,958.18
            3 years at 5%, compounded quarterly

|   |   |   |
|---|---|---|
| C. | Estimated fees and costs of £50,000.00, which is equivalent to approximately | $159,947.96 |
| **Total** | | **$1,378,906.14** |

28. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

29. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$1,378,906.14.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits,

letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$1,378,906.14,** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any arbitration award or judgment in Plaintiff's favor against the Defendant as a judgment of this Court;

D.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E.  That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: October 2, 2009
       New York, NY

The Plaintiff,
DBCN,

By: _____
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
One Grand Central Place
60 East 42nd Street, Suite 1638
New York, NY 10165
(212) 354-0025 – phone
(212) 869-0067 – fax
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )  ss.:  Southport
County of Fairfield   )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   October 2, 2009
         New York, NY

                                        _____
                                            Lauren C. Davies

# EXHIBIT 1



## UK P&I CLUB

OUR REFERENCE
AZS/2007/004425

YOUR REFERENCE

5 June 2008

To    Genco Carrier Limited
c/o Winter Scott
St Olave's House
Ironmonger Lane
London EC2V 8EY

*The Managers' London Agents*
THOMAS MILLER P&I LTD.
INTERNATIONAL HOUSE
26 CREECHURCH LANE
LONDON EC3A 5BA

TEL: +44 20 7283 4646
FAX: +44 20 7283 5614
TLX: 885271 MUTUAL G
DX621 LONDON/CITY EC3
WEBSITE: WWW.UKPANDI.COM

PLEASE REPLY DIRECT TO:
TEL: +44 20 7204 204 2409
FAX: +44 20 7204 2104
E-MAIL: london4.ukclub@thomasmiller.com

Dear Sirs,

| | |
|---|---|
| Vessel: | M/V Genco Carrier (the "Vessel") |
| Owners: | Genco Carrier Limited (the "Owners") |
| Charterers: | DBCN (the "Charterers") |
| Charterparty: | NYPE Charterparty dated 07 December 2004 (as amended and with additional clauses) |
| Claim: | Alleged damage to the Vessel at Ilo, Peru – claim against the Charterers (the "Claim") |

In consideration of you refraining from arresting or attaching any vessel, property or asset belonging to the Charterers or otherwise detaining any vessel, property or asset whatsoever or wheresoever in the same or associated ownership, management or control for the purpose of founding jurisdiction and/or obtaining security in respect of the Claim we, the United Kingdom Mutual Steam Ship Assurance Association (Bermuda) Limited, hereby undertake to pay to you within fourteen days of your first written demand such sums as may be awarded or declared by a final and unappealable decision of London arbitrators or adjudged or declared by a final and unappealable Judgment of the English Court (on any appeal from the award of the arbitrators) to be payable, or to have been payable by, or as may be agreed in writing by the Owners and the Charterers to be recoverable from the Charterers in respect of the Claim provided that the total of our liability hereunder shall not exceed the sum of US$1,050,000 (United States Dollars one million fifty thousand) inclusive of interest and costs.

THE UNITED KINGDOM MUTUAL STEAM SHIP ASSURANCE ASSOCIATION (BERMUDA) LIMITED INCORPORATED IN BERMUDA
THOMAS MILLER P&I LTD. REGISTERED IN ENGLAND No 1901414 AS ABOVE. A MEMBER OF THE THOMAS MILLER GROUP OF COMPANIES.

P&IC018 – V3.DOT

Case 1:09-cv-08359-RJS   Document 1   Filed 10/02/2009   Page 10 of 10


UK P&I CLUB

This Letter of Undertaking shall be governed by and construed in accordance with English law and all disputes arising under or in connection with this Letter of Undertaking shall be referred to the exclusive jurisdiction of the English High Court.

Your Sincerely

Lance Hebert
Senior Claims Director
Thomas Miller P&I Limited
as agents for Thomas Miller (Bermuda) Ltd.
Managers
For and on behalf of The United Kingdom Mutual Steam Ship
Assurance Association (Bermuda) Limited